IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 1:19-cr-009 |
| | ) |
| IONIAN MANAGEMENT INC., | ) |
| | ) |
| Defendants. | ) |

## PLEA AGREEMENT

### 1. PARTIES TO THE AGREEMENT

This agreement is entered into by Defendant Ionian Management Inc. ("IONIAN M"), the United States Attorney for the District of the Virgin Islands, and the Environmental Crimes Section of the Department of Justice, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). This agreement specifically excludes and does not bind any other territorial, state, or federal agency, including the other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the Defendant.

### 2. TERMS

The parties agree to the following terms:

a. Defendant will plead guilty to Count One of the Information. Count One charges a violation of Title 33, United States Code, Section 1908(a), which carries a maximum sentence of a $500,000.00 fine, a maximum term of probation of five years, and a $400.00 special monetary assessment.

b. Defendant acknowledges that the government can prove the following essential elements of Count One as set forth in the Information:

>  (1) Defendant was a person; and
>
>  (2) Defendant commercially operated, or caused to be operated, the *M/T Ocean Princess*, a vessel operated under the authority of a country other than the United States ("U.S."); and
>
>  (3) Defendant commercially operated, or caused to be operated, the *M/T Ocean Princess* in the U.S. Caribbean Emission Control Area; and
>
>  (4) While the *M/T Ocean Princess* operated within the U.S. Caribbean Emission Control Area, the Defendant, acting through an agent, knew the vessel used fuel that exceeded the sulfur limit of 0.10% by weight.

All in violation of Title 33, United States Code, Section 1908(a); MARPOL Annex VI; and Title 40, Code of Federal Regulations, Sections 1043.10(b), .20, .30(a) & .60(b); and Title 18, United States Code, Section 2.

   c. Defendant is pleading guilty because Defendant is in fact guilty of the charge contained in Count One. In pleading guilty to this offense, Defendant acknowledges that should the case go to trial, the government could present evidence to support this charge beyond a reasonable doubt. The Factual Basis is as follows:

Motor Tanker ("M/T") Ocean Princess

1.  The *M/T Ocean Princess* was a 5,364 gross ton tank ship bearing the International Maritime Organization Number 9268291 and registered in the Republic of Panama. The *M/T Ocean Princess* was operated by Ionian Shipping & Trading Corp. ("IONIAN ST") and owned by Lily Shipping LTD. ("LILY"). IONIAN M managed the commercial cargo interests of the *M/T Ocean Princess*, including when to load and unload cargo, and authorized cargo to be transferred from the cargo to the bunker tanks. The *M/T Ocean Princess* was engaged in international ocean-going commerce transporting petroleum products in the Caribbean including from St. Croix, United States Virgin Islands.

2. The *M/T Ocean Princess* had a crew consisting of, among others, a Master, Chief Officer, Chief Engineer, Second Officer, Second Engineer, Third Engineer, and several lower-level crewmembers known as Oilers, Wipers, Able-Bodied Seamen and a Fitter.

3. The *M/T Ocean Princess* required hydrocarbon-based fuel to power its main engine and generators.

IONIAN M

4. IONIAN M was registered in New York on or about December 27, 2000, with an operating address at 1790 Broadway, Suite 1700, New York, NY 10019. IONIAN M served as the commercial manager of the *M/T Ocean Princess* which included managing cargo loading and unloading and authorized transfers of cargo to the vessel's bunker tanks, that is, supplying bunker to the vessel. At all times relevant to this Factual Basis and the Information, through Employee A, IONIAN M authorized the Master of the *M/T Ocean Princess* to load and unload cargo in various ports in the Caribbean and to transfer cargo to the bunker tanks to be used as fuel. The Master would bunker the vessel from the cargo. The cargo that IONIAN M authorized to be used on the *M/T Ocean Princess* as bunker exceeded the maximum sulfur content of 0.10% by weight requirement established in the U.S. Caribbean ECA.

5. At all times relevant in this Factual Basis and the Information, between on or about January 1, 2016 and July 11, 2018, the Master serving on board the *M/T Ocean Princess* was acting within the scope of his agency on behalf of IONIAN M, and for the benefit of IONIAN M, at least in part, in regards to operating, or causing the operation of, the *M/T Ocean Princess* without compliant bunker in the U.S. Caribbean ECA.

Process of Transferring Cargo into the Bunker Tanks

6. On vessels such as the *M/T Ocean Princess*, cargo fuel is typically intended to be loaded onboard and then delivered to a customer, whereas bunker fuel is loaded to be used for the propulsion, electrical, and auxiliary systems of the ship. Approximately every four to six weeks, the Master of the *M/T Ocean Princess* would send requests for bunkers and in turn receive an email in return from Employee A at IONIAN M containing authorization for a type and amount of cargo fuel to be transferred to the bunker tanks to be used in the engine room. The Master would then inform the Chief Officer and the Chief Engineer of the authorization and the transfer would be carried out.

Entry Into and Operation Within the U. S. Caribbean Emission Control Area using Non-Compliant Bunker

7. The *M/T Ocean Princess* entered Limetree Bay in St. Croix, U.S. Virgin Islands, within the territory of the United States and the jurisdiction of the District of the Virgin Islands on or about the following occasions while IONIAN M managed the commercial operations of the vessel:

| DATE |
| --- |
| Jul 10, 2018 |
| Jun 24, 2018 |
| Jun 7, 2018 |
| May 20, 2018 |
| Apr 28, 2018 |
| Apr 10, 2018 |
| Mar 21, 2018 |
| Mar 1, 2018 |
| Feb 12, 2018 |
| Jan 27, 2018 |
| Jan 10, 2018 |
| Dec 19, 2017 |
| Dec 5, 2017 |
| Nov 14, 2017 |
| Oct 23, 2017 |
| Sep 22, 2017 |

| |
|---|
| Aug 3, 2017 |
| Aug 18, 2017 |
| Jul 22, 2017 |
| Jul 6, 2017 |
| Jun 15, 2017 |
| Jun 2, 2017 |
| May 4, 2017 |
| Jan 25, 2017 |
| Jan 11, 2017 |
| Jan 3, 2017 |

During each of the port calls listed above, and while transiting within the U.S. Caribbean Emissions Control Area, the *M/T Ocean Princess* used fuel for combustion that exceeded the 0.10% by weight content of sulfur limit imposed by MARPOL.

      d. Upon the District Court's adjudication of guilt of Defendant for violation of Title 33, United States Code, Section 1908(a), the United States Attorney for the District of the Virgin Islands, and the Environmental Crimes Section of the Department of Justice, will not file any further criminal charges against Defendant arising out of the same transactions or occurrences to which the Defendant has pled.

      e. Nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

### 3. RULE 11(c)(1)(C) WARNINGS

      The Defendant is aware that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the Court may accept or reject the plea agreement, or may defer its decision as to its acceptance or rejection until it has considered the pre-sentence report. If the Court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, and afford the Defendant an opportunity to withdraw the guilty plea and advise the Defendant that if the Defendant persists in a guilty plea, the disposition of the case may be less favorable to the Defendant than that contemplated in the

plea agreement. In addition, as part of the terms and conditions of this plea agreement, the parties agree that, should the Court envision sentencing the Defendant to a fine or conditions lesser than the recommendation in paragraph 5 below, the United States has the right to withdraw from the plea agreement entirely. United States v Moure-Ortiz, 184 F.3d 1 (1st Cir. 1999).

### 4. SENTENCING GUIDELINES

The parties agree that the sentence is not governed by the Sentencing Guidelines. That is because, although the offense conduct to which the Defendants is pleading guilty is covered by U.S.S.G. § 2Q1.3, "Mishandling of Other Environmental Pollutants; Recordkeeping, Tampering, and Falsification," that Guideline is not listed under U.S.S.G. § 8C2.1, which governs criminal fines for organizations. Accordingly, pursuant to U.S.S.G. § 8C2.10, the sentence is determined by applying Title 18, United States Code, Sections 3553 and 3572.

### 5. SENTENCING RECOMMENDATIONS

The parties agree, having taken into consideration all of the sentencing factors set forth in 18 U.S.C. §§ 3553 and 3572, that the following sentence should be imposed upon Defendant:

A. Having pleaded guilty to Count One of the Information, IONIAN M shall (1) pay a criminal fine of $500,000.00; (2) pay a special assessment of $400.00; and (3) be placed on probation for a period of one year.

### 6. WAIVER OF APPELLATE RIGHTS

a. The Defendant is aware that Title 18, United States Code, Section 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly waives its right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742(a) or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. In addition, the Defendant expressly waives the right to petition under Title 28, United States Code, Section 2255, with the exception

of a claim of ineffective assistance of counsel. The Defendant has discussed these rights with its attorneys. The Defendant understands the rights being waived, and the Defendant waives these rights knowingly, intelligently, and voluntarily. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

b. The parties reserve the right to allocute fully and will recommend that the sentence be in accordance with this plea agreement.

## 7. FINANCIAL TERMS

a. Defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees that whatever monetary penalties are imposed by the Court will be due and payable within thirty days of sentencing and subject to immediate enforcement by the United States, pursuant to Title 18, United States Code, Section 3613.

b. Defendant agrees to fully disclose all assets in which it has any interest or over which Defendant exercises control, directly or indirectly, including those held by a nominee or third party. Defendant agrees to truthfully complete the financial statement form provided by the Government, sign it under penalty of perjury, and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in Title 18, Unites States Code, Section 3664(k), which occur before sentencing, within seven days of the event giving rise to the changed circumstances.

c. Defendant expressly authorizes the United States Attorney's Office to obtain a credit report. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

d. Defendant's failure to timely and accurately complete and sign the financial statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's breach of this plea agreement.

## 8. VICTIM RESTITUTION

a. The Defendant shall make full restitution to the victims regarding the crimes charge. Should the district court identify victim(s) and determine that restitution is due, the district court may require the Defendant to make the restitution payable at once or on a payment schedule.

b. The Defendant agrees that, while the district court sets the payment schedule, this schedule may be exceeded if and when Defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the United States may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

c. The Defendant further understands and agrees that the United States has the obligation and the right to pursue any legal means, including, but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution.

d. Based upon the information known to the parties at the time of execution of this plea agreement, there are no known victims.

## 9. CORPORATE RESOLUTION

Defendant must present in open court the original corporate resolution duly enacted by the Defendant's Board of Directors authorizing the entry into this plea agreement and pledging to abide by all of its terms and the probationary terms ordered by the Court.

## 10. CONCLUSION

There are no other agreements between the United States Attorney for the District of the Virgin Islands, the Environmental Crimes Section of the Department of Justice, and the Defendant. The Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

GRETCHEN C.F. SHAPPERT
UNITED STATES ATTORNEY

Dated: 17 APR 2019       By: _____
                              G. A. Massucco-LaTaif
                              Criminal Chief

Dated: 17 APR 2019            _____
                              Kim Chisholm
                              Assistant United States Attorney

Dated: 22 APR 2019            _____
                              Kenneth E. Nelson
                              Senior Trial Attorney
                              Environmental Crimes Section, DOJ

Dated: 23 APR 2019            _____
                              Briton P. Sparkman
                              Attorney for Defendant

Dated: 23 APR 2019            _____
                              Corporate Representative
                              Defendant Ionian Management Inc.